1

2

3

4                    UNITED STATES DISTRICT COURT

5                 NORTHERN DISTRICT OF CALIFORNIA

6                          EUREKA DIVISION

7

8    TAMMY ANN DIAS,                        Case No.  14-cv-05271-NJV

              Plaintiff,
9                                           **ORDER RE MOTIONS FOR**
        v.                                  **SUMMARY JUDGMENT**
10
                                            Re: Dkt. Nos. 11, 14
11   CAROLYN W. COLVIN, Acting
     Commissioner of Social Security,

12            Defendant.

13

14          Plaintiff Tammy Ann Dias seeks judicial review of an administrative law judge ("ALJ")

15   decision denying her application for Disability Insurance Benefits under Title II of the Social

16   Security Act.  AR 25-36.  Plaintiff's request for review of the ALJ's unfavoarable decision was

17   denied by the Appeals Council.  AR 1-3.  The decision thus is the "final decision" of the

18   Commissioner of Social Security, which the court may review.  *See* 42 U.S.C. Sections 405(g),

19   1381(c)(3).  Both parties have consented to the jurisdiction of a magistrate judge.  (Docs. 6, 8.)

20   The court may therefore decide the parties' motions for summary judgment.  For the reasons set

21   forth below, the court will deny Plaintiff's motion for summary judgment and grant Defendant's

22   motion for summary judgment.

23                          **LEGAL STANDARDS**

24          The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be

25   conclusive." 42 U.S.C. § 405(g).  A district court has a limited scope of review and can only set

26   aside a denial of benefits if it is not supported by substantial evidence or if it is based on legal

27   error.  *Flaten v. Sec'y of Health & Human Servs*., 44 F.3d 1453, 1457 (9th Cir. 1995).  Substantial

28    evidence as a reasonable mind might accept as adequate to support a conclusion."  *Sandgathe v.*

United States District Court
Northern District of California

1  *Chater*, 108 F.3d 978, 979 (9th Cir. 1997).  "In determining whether the Commissioner's findings

2  are supported by substantial evidence," a district court must review the administrative record as a

3  whole, considering "both the evidence that supports and the evidence that detracts from the

4  Commissioner's conclusion*." Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).  The

5  Commissioner's conclusion is upheld where evidence is susceptible to more than one rational

6  interpretation.  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

7  **THE FIVE STEP SEQUENTIAL ANALYSIS FOR DETERMINING DISABILITY**

8  A person filing a claim for social security disability benefits ("the claimant") must show

9  that he has the "inability to do any substantial gainful activity by reason of any medically

10  determinable physical or mental impairment" which has lasted or is expected to last for twelve or

11  more months.  20 C.F.R. §§ 416.920(a)(4)(ii), 416.909.  The ALJ must consider all evidence in the

12  claimant's case record to determine disability, *id*. § 416.920(a)(3), and must use a five-step

13  sequential evaluation to determine whether the claimant is disabled.  *Id*. § 416.920.  "[T]he ALJ

14  has a special duty to fully and fairly develop the record and to assure that the claimant's interests

15  are considered."  *Brown v. Heckle*r, 713 F.2d 441, 443 (9th Cir. 1983).  Here, the ALJ evaluated

16  Plaintiff's application for benefits under the required five-step sequential evaluation.   AR. 29-36.

17  At Step One, the claimant bears the burden of showing he has not been engaged in

18  "substantial gainful activity" since the alleged date the claimant became disabled.  20 C.F.R. §

19  416.920(b).  If the claimant has worked and the work is found to be substantial gainful activity,

20  the claimant will be found not disabled.  *Id*.  The ALJ found that Plaintiff had not engaged in

21  substantial gainful activity since November 29, 2010, her alleged onset date.  AR. 30.

22  At Step Two, the claimant bears the burden of showing that he has a medically severe

23  impairment or combination of impairments.  20 C.F.R. § 416.920(a)(4)(ii), (c).  "An impairment is

24  not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no

25  more than a minimal effect on the ability to do basic work activities.'"  *Webb v. Barnhart*, 433

26  F.3d 683, 686 (9th Cir. 2005) (quoting S.S.R. No. 96–3(p) (1996)).  The ALJ found that Plaintiff

27  suffered the following severe impairments: status-post non-displaced right ankle fracture in

28  November 2010, degenerative disc disease of the cervical spine, status-post C7 facet fracture in

2

United States District Court
Northern District of California

November 2010.  AR 30.

At Step Three, the ALJ compares the claimant's impairments to the impairments listed in appendix 1 to subpart P of part 404.  *See* 20 C.F.R. § 416.920(a)(4)(iii), (d).  The claimant bears the burden of showing his impairments meet or equal an impairment in the listing.  *Id*. If the claimant is successful, a disability is presumed and benefits are awarded.  *Id*.  If the claimant is unsuccessful, the ALJ assesses the claimant's residual functional capacity ("RFC") and proceeds to Step Four.  *Id*.  § 416.920(a)(4)(iv),(e).  Here, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments.  AR 31.  Next, the ALJ determined that Plaintiff retained the RFC "to perform sedentary work as defined in 20 C.F.R. § 404.1567(a)" with several physical and environmental limitations.  AR 32.  The ALJ found that Plaintiff "can sit for six hours, stand or walk for two hours; except that she can occasionally balance, climb ramps and stairs, stoop, crouch, crawl, and kneel.  She should never climb ladders, ropes, and scaffolding.  As a safety precaution, the claimant should never work at height or with heavy or hazardous machinery.  She requires the option to stand and stretch for a minute or two every thirty to forty-five minutes.  The claimant requires a cane to ambulate."  *Id*.

At Step Four, the ALJ determined that Plaintiff was incapable of performing her past relevant work.  AR 35.

At Step Five, the ALJ found that considering Plaintiff's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that Plaintiff could perform.  AR 35.  Accordingly, the ALJ found Plaintiff was not disabled.  AR 36.

## DISCUSSION

The issue raised before this court is whether the ALJ erred in rejecting the opinion of Dr. Walker, the treating physician.  Dr. Walker opined that Plaintiff could stand for two hours and sit for four hours in a workday, could lift no more than five pounds, required a cane for walking, would miss work frequently because of her pain, and occasionally needed to elevate her legs.  AR. 407.  The ALJ gave little weight to Dr. Walker's opinion.  AR 34.

An ALJ "may disregard the treating physician's opinion whether or not that opinion is

3

United States District Court
Northern District of California

contradicted*." Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).  Congress directs that, "[a]n individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require," 42 U.S.C.§ 423(d)(5)(A), and that the Commissioner's findings must be upheld if supported by substantial evidence.  42 U.S.C. § 405(g).  Congress gave the Commissioner "full power and authority" to make "rules and regulations" necessary to carry out the disability program including determining "the nature and extent of the proofs and evidence" required to establish a right to benefits.  42 U.S.C. § 405(a).

Accordingly, the Commissioner directs that an ALJ is not required to give controlling weight to a treating physician's opinion unless it is well-supported and not inconsistent with other substantial evidence in the record.  20 C.F.R. § 404.1527(c)(2) ("If we find that a treating source's opinion . . . is well-supported. . . and not inconsistent with the other substantial evidence in your case record, we will give it controlling weight.").  The Commissioner further directs that an ALJ "will always give good reasons" in the decision for the weight given to a treating source's opinion. 20 C.F.R. § 404.1527(c)(2).  The Commissioner's regulations are entitled to deference under *Chevron USA, Inc. v. NRDC*, 467 U.S. 837 (1984).  Thus, an ALJ must give good reasons supported by substantial evidence to reject a treating physician's opinion.

The court notes initially that although the ALJ gave reduced weight to Dr. Walker's opinion, the RFC finding accounts for some of the limitations Dr. Walker suggested.  The RFC contained a need for a cane to ambulate, a limitation to occasional balancing and stooping, and a limitation to walking/standing up to two hours in a workday.  AR 32, 407.

The ALJ properly discounted those portions of Dr. Walker's opinion that conflicted with the medical evidence.  The ALJ recounted how Plaintiff was in a motor vehicle accident in November 2010, injuring her neck and right foot.  AR  33-34, 249.  A CT scan and an x-ray revealed fractures,  AR  262, 284, 317-18, 375,  but no surgery was required because the injuries were stable,  AR 284.  Plaintiff's right foot was placed in a fiberglass cast, and she wore a neck brace.  AR 289, 290.  Roger Klein, M.D., opined a few days after the accident that there was a high probability of Plaintiff having an excellent outcome without surgery for her ankle.  AR. 358.

United States District Court
Northern District of California

1   Her cast was removed two months later, and she showed no signs of swelling, tenderness, or

2   healing problems.  AR 340.  By April 2011, she exhibited considerable progress in recovering

3   from the ankle injury but still walked with a limp.  AR. 343.  Dr. Klein noted that x-rays indicated

4   that her fracture had healed, and opined that she could not work as a caregiver because of her

5   difficulty with standing and walking.  *Id*.  In July 2011, Plaintiff stated that the stiffness in her

6   right ankle faded after two hours of walking and movement.  AR. 345.  She underwent a course of

7   physical therapy that improved her ankle function.  AR  346.  With respect to Plaintiff's cervical

8   fracture, her physician opined that it should heal in seven to eight months and no further follow up

9   would be required.  AR  343.  The court finds that the medical records documenting Plaintiff's

10   improvements undermind Dr. Walker's opinion.

11       There was substantial evidence to support the ALJ's discounting of Dr. Walker's opinion

12   because it conflicted with his examination notes.  AR. 34. *See* 20 C.F.R. § 404.1527(c)(3); *Bayliss*

13   *v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (ALJ properly rejected doctor's opinion that

14   conflicted with his examination notes).  Dr. Walker saw Plaintiff on six occasions, but his

15   treatment notes did not record the kinds of objective findings that would justify the more extreme

16   limitations the doctor assessed.  AR 401-06.  Dr. Walker opined that Plaintiff could not lift more

17   than five pounds, despite his examination notes only finding slightly reduced strength on

18   examination and not imposing or recommending any lifting restrictions.  AR 401-07.  Dr. Walker

19   opined that Plaintiff could sit for only up to four hours a day despite his treatment notes never

20   mentioning any difficulties with sitting.  AR 401-07.  Dr. Walker also stated that Plaintiff would

21   need to elevate her legs during the workday, despite never mentioning a need to elevate her legs or

22   clinical evidence of ankle swelling.  AR 401-07.

23       In addition, Dr. Walker prescribed conservative treatment, including medication and home

24   exercises, AR. 402, further undermining his opinion that Plaintiff was totally disabled.  *See*

25   *Tommasetti v. Astrue,* 533 F.3d 1035, 1041 (9th Cir. 2008) (ALJ properly discounted treating

26   opinion where it was inconsistent with the record); *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th

27   Cir. 1995) (conservative course of treatment suggested "a lower level of both pain and functional

28   limitation").

The ALJ found that, "the claimant's statements concerning the intensity, persistence, and limiting effects of [her] symptoms are not entirely credible for the reasons explained in this opinion." AR 33. After reviewing the medical record, the ALJ found as follows:

> Dr. Walker's nominal reports fail to reveal the type of significant clinical and laboratory abnormalities one would expect if the claimant were in fact disabled, and the doctor did not specifically address this weakness. It appears he relied too heavily on the subjective report of symptoms and limitations provided by the claimant, and seemed to accept uncritically as true most, if not all, of what the claimant reported. Yet, as seen by the objective imaging evidence, there exist good reasons for questioning the claimant's subjective complaints. Substantial consideration of the claimant's reported pain and her self-described limitations are the only real evidence to support a sedentary residual functional capacity.

AR 34.

Given that the record, including Dr. Walker's notes, as described above, do not support the limitations suggested by Dr. Walker, the ALJ properly discounted Dr. Walker's opinion on the ground that it relied on Plaintiff's discredited subjective accounts. AR 34. *See Tommasetti*, 533 F.3d at 1041 ("An ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible.").

The ALJ did not find that there was no objective evidence presented. Rather, the ALJ found that the objective medical record that shows degenerative disc disease, healed fractures, and spinal tenderness did not support Dr. Walker's opinion that Plaintiff could not perform any work AR. 34. The ALJ also found that Dr. Walker's nominal treatment notes, which contain some objective findings, but no restrictions other than the need for a cane to ambulate, did not support his opinion. *Id*. If the medical record and Dr. Walker's own notes did not support the opinion, Plaintiff's discredited subjective statements cannot form the support for Dr. Walker's opinion.

On April 26, 2013, Dr. Walker wrote a letter at Plaintiff's request regarding the ALJ's decision denying Plaintiff's application for benefits. AR 411-13. In challenging the ALJ's decision finding her not disabled, Plaintiff relies in part on this evidence she submitted for the first time to the Appeals Council in conjunction with her request for review of the ALJ's decision. Federal courts "do not have jurisdiction to review a decision of the Appeals Council denying a request for review of an ALJ's decision, because the Appeals Council decision is a non-final

United States District Court
Northern District of California

agency action." *Brewes v. Comm'r of Soc. Sec.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  When the

Appeals Council declines review, "the ALJ's decision becomes the final decision of the

Commissioner" subject to substantial evidence review based on the record as a whole.  *Taylor v.*

*Comm'r of Soc. Sec.,* 659 F.3d 1228, 1231 (9th Cir. 2011).  The Ninth Circuit, nevertheless, has

held "that when a claimant submits evidence for the first time to the Appeals Council, which

considers that evidence in denying review of the ALJ's decision, the new evidence is part of the

administrative record, which the district court must consider in determining whether the

Commissioner's decision is supported by substantial evidence."  *Brewes*, 682 F.3d at 1159-60,

1162-63 (adopting *Ramirez v. Shalala*, 8 F.3d 1449, 1451-52 (9th Cir. 1993)).  In *Brewes*, the

court declined to apply the good cause and materiality requirements outlined in 42 U.S.C. § 405(g)

(sentence six) to the new evidence submitted to the Appeals Council; instead, the court applied the

substantial evidence standard that governs judicial review of the Commissioner's findings of fact.

*Id*. at 1161; *see also Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001) (holding that to

"justify a remand," claimant "must show that [the evidence submitted to the Appeals Council] is

material to determining her disability, and that she had good cause for having failed to produce

that evidence earlier.").

Considering the record as a whole, the new evidence that Plaintiff submitted to the Appeals

Council does not change the fact that substantial evidence supports the ALJ's findings.  In his

letter, Dr. Walker reiterated his findings that Plaintiff needed a cane, exhibited an antalgic gait,

had spine tenderness, and had reduced ranges of motion in her cervical and lumbar spine.  AR 411.

He reiterated that he diagnosed Plaintiff with degenerative disc disease.  AR 412.  The ALJ

already addressed this evidence when he found that Plaintiff's spine and right foot impairments

were severe,  AR 30,  and caused limitations, including a preclusion from standing more than two

hours in a day and walking with a cane.  AR 32.  Therefore, Dr. Walker's reiteration of his

findings does not affect the ALJ's analysis.

With respect to his opinion that Plaintiff would need to occasionally elevate her legs,  AR

407, Dr. Walker explained that should an ankle become swollen, elevating the ankle would help

reduce swelling.  AR 412.  Dr. Walker's treatment notes, however, do not mention swelling at all

United States District Court
Northern District of California

1    or a need, let alone the recommendation from the doctor, to elevate Plaintiff's right leg.  AR 401-

2    406.  Dr. Walker's opinion is speculative: should Plaintiff's ankle become swollen, she should

3    elevate it.  To the extent Plaintiff or the doctor suggest that his clinical notes did not need to

4    contain corroborating clinical objective findings to support the extent of the doctor's opinions

5    regarding Plaintiff's functionality, they are incorrect.  *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th

6    Cir. 2012) ("The ALJ need not accept the opinion of any physician, including a treating physician,

7    if that opinion is brief, conclusory, and inadequately supported by clinical findings."), quoting

8    *Bray v. Astrue*, 554 F.3d 1219, 1228 (9th Cir. 2009); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216

9    (9th Cir. 2005) ("when evaluating conflicting medical opinions, an ALJ need not accept the

10   opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical

11   findings.").

12          Furthermore, it is clear from Dr. Walker's letter that he used the commonly understood

13   definition of "occasionally" as meaning "now and then" and not to mean up to one third of the

14   day, which is how that term is defined in the Social Security context.  See SSR 96-9p, 1996 WL

15   374185 at *3. Finally, Dr. Walker acknowledged that he relied on Plaintiff's statements in

16   formulating his opinion, justifying, in part, the ALJ's discounting of the opinion.  AR 412.  In

17   sum, nothing in the letter, obtained only after the ALJ issued an unfavorable decision, changes the

18   nature of the evidence that was already before the ALJ.  *Heide v. Astrue*, 369 F. App'x 775, 776-

19   77 (9th Cir. 2010) (unpublished) ("All of the ALJ's reasons for discounting [a doctor's] opinion

20   also apply to his letter" that claimant submitted to the Appeals Council); *Saenz v. Astrue*, 361 F.

21   App'x 793, 794 (9th Cir. 2010) (unpublished) (doctor's opinion submitted to the Appeals Council

22   "simply restated [his] opinion [that claimant] could not work, an opinion substantial evidence

23   contradicts").

24          Finally, Dr. Walker states that he finds it "interesting that the judge based her findings on

25   reported examinations done by two 'State' examiners, done one to two years previously, especially

26   as my patient stated that she did not have examinations done by 'State' examiners."  AR 413. This

27   language in Dr. Walker's letter simply demonstrates his lack of understanding as to  how Social

28   Security disability works.  *See* 20 C.F.R. § 404.1527(c)(6) ("[T]he amount of understanding of our

United States District Court
Northern District of California

1   disability programs and their evidentiary requirements that an acceptable medical source has,

2   regardless of the source of that understanding, and the extent to which an acceptable medical

3   source is familiar with the other information in your case record are relevant factors that we will

4   consider in deciding the weight to give to a medical opinion."). In this case two non-examining

5   physicians, S. Amon, M.D., and S. Hanna, M.D., reviewed Plaintiff's records and opined that she

6   was capable of a range of sedentary work. AR. 89-90, 99-100.  Their opinions supported the

7   ALJ's decision to discount Dr. Walker's opinion. AR. 34. *See* 20 C.F.R. § 404.1527(e)(2)(i)

8   ("State agency medical and psychological consultants … are highly qualified physicians,

9   psychologists, and other medical specialists who are also experts in Social Security disability

10  evaluation"); *see also Bray*, 554 F.3d at 1221, 1227 (ALJ properly relied "in large part on the

11  DDS [reviewing] physician's assessment" in assessing claimant's RFC and rejecting treating

12  doctor's opinion regarding the claimant's functional limitations.).

13       Dr. Walker concluded that in his "Medical, not Judicial, Opinion, [Plaintiff] is disabled

14  from gainful employment, especially in a competitive job market."  AR 413.  Because Dr. Walker

15  expressly commented on the ultimate issue of disability, his opinion is not "medical" and is not

16  entitled to any special weight or significance in the Social Security context.  "Opinions on some

17  issues, such as the examples that follow, are not medical opinions." 20 C.F.R. § 404.1527(d).

18  Those examples include statements that the claimant is "disabled" or "unable to work."  20 C.F.R.

19  § 404.1527(d)(1);  *see also McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011) ("A treating

20  physician's evaluation of a patient's ability to work may be useful or suggestive of useful

21  information, but a treating physician ordinarily does not consult a vocational expert or have the

22  expertise of one.").  An ALJ "will not give any special significance to the source of an opinion on

23  issues reserved to the Commissioner."  20 C.F.R. § 404.1527(d)(3).  Thus, the ALJ would not

24  have been required to adopt or give any special weight to Dr. Walker's disability opinion. *Kibble*

25  *v. Comm'r*, 584 F. App'x 717, 719 (9th Cir. 2014) (unpublished) ("To the extent that Dr. Wood's

26  report contained opinions on Claimant's disability status, the ALJ was not required to defer to a

27  physician on the ultimate determination of disability."), citing *McLeod*, 640 F.3d at 884 and 20

28  C.F.R. § 404.1527(d)(3); *Allen v. Comm'r of Soc. Sec.,* 498 F. App'x  696, 696 (9th Cir. 2012) ("A

treating source's opinion on issues reserved to the Commissioner can never be entitled to controlling weight or given special significance."), citing SSR 96-5p and *McLeod*, 640 F.3d at 885.

## CONCLUSION

Based on the foregoing, the court concludes that the ALJ's decision that Plaintiff is not disabled is supported by substantial evidence and that there is no reversible error.  The Acting Commissioner's motion for summary judgment is GRANTED and Plaintiff's motion for summary judgment is DENIED.

The court will enter a separate judgment.

**IT IS SO ORDERED**.

Dated: February 26, 2016

_____
NANDOR J. VADAS
United States Magistrate Judge